STATE OF NORTH CAROLINA v. DAVID JONATHAN PATTERSON, Defendant

No. COA07-951

(Filed 6 May 2008)

**1. Appeal and Error— preservation of issues—failure to argue**

    Eight assignments of error for which defendant failed to present arguments in his brief are deemed abandoned under N.C. R. App. P. 28(a).

**2. Probation and Parole— revocation of probation—hearing within tolled probationary period**

The trial court did not lack subject matter jurisdiction to revoke defendant's probation on 4 April 2007 even though defendant contends the probationary periods expired prior to the court's entry of the probation revocation orders because: (1) N.C.G.S. § 15A-1344(d) provides, in part, that the probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation, and there was evidence in the record that defendant had criminal charges pending against him during his probation as of the 4 April hearing including defendant's own testimony and other evidence in the record; and (2) defendant's probationary periods under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052 did not expire prior to the 4 April 2007 hearing, but instead tolled, and thus, the 4 April hearing was conducted during defendant's probation.

Appeal by defendant from judgments entered 4 April 2007 by Judge Zoro J. Guice, Jr. in Transylvania County Superior Court. Heard in the Court of Appeals 14 April 2008.

*Roy Cooper, Attorney General, by Brenda Eaddy, Assistant Attorney General, for the State.*

*Don Willey, for defendant-appellant.*

MARTIN, Chief Judge.

On 18 January 2005, defendant David Jonathan Patterson pled guilty to one count each of felony forgery and felony uttering (04 CR 52952), and four counts each of misdemeanor common law forgery and misdemeanor common law uttering (04 CR 52953-56). On that same day, defendant was sentenced in district court to two consecutive sentences of six to eight months imprisonment suspended, with twenty-four months of supervised probation to begin when defendant was released from imprisonment from a sentence imposed in case number 02 CRS 51877, in which a previous probation had been revoked on 3 January 2005. According to the record, the sentence in 02 CRS 51877 was completed on 1 April 2005.

On 29 March 2005, defendant pled guilty to three additional counts each of misdemeanor common law forgery and misdemeanor

common law uttering (05 CR 50050-53). Defendant was sentenced to two consecutive terms of 120 days imprisonment suspended to begin at the expiration of the sentence imposed under file number 04 CR 52952, with twenty-four months of supervised probation.

On 22 September 2005, probation violation reports were filed against defendant, and on 5 January 2006, the district court revoked defendant's probation and activated his suspended consecutive sentences under file numbers 04 CR 52952, 05 CR 50050, and 05 CR 50052. Defendant gave notice of appeal to superior court. On 8 March 2006, the superior court entered judgments continuing defendant's probation under the original terms and conditions under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052.

On 25 July 2006 and 7 February 2007, new probation violation reports were filed against defendant. On 4 April 2007, the superior court heard evidence and argument regarding the probation violations reported on 7 February. On that same date, the court revoked defendant's probation and activated his consecutive suspended sentences under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052. Defendant gave notice of appeal to this Court.

---

[1] The record on appeal contains ten assignments of error. In his brief, however, defendant has brought forward arguments in support of only two of the assignments of error; therefore, those assignments of error for which defendant failed to present arguments are deemed abandoned. N.C.R. App. P. 28(a) (2008) ("Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned.").

[2] Defendant contends the trial court lacked subject matter jurisdiction to revoke his probation on 4 April 2007 because the probationary periods expired prior to the court's entry of the probation revocation orders. We disagree.

"[A] period of probation commences on the day it is imposed and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period." N.C. Gen. Stat. § 15A-1346(a) (2007); *see also State v. Canady*, 153 N.C. App. 455, 459-60, 570 S.E.2d 262, 265 (2002) ("[A]ny sentence of probation must run concurrently with any other probation sentences imposed on a defendant."). However, "[i]f a period of probation is being imposed . . . on a person already subject to an undischarged term of imprisonment, the period of probation may run either con-

currently or consecutively with the term of imprisonment, as determined by the court. If not specified, it runs concurrently." N.C. Gen. Stat. § 15A-1346(b).

In the present case, on 3 January 2005, Transylvania County Superior Court ordered that defendant begin serving two consecutive sentences of forty-five days imprisonment in file numbers 02 CRS 51877 and 03 CRS 50505. Thus, defendant's imprisonment term began on 3 January 2005 and, including defendant's one-day credit for time already spent in confinement, ended on 1 April 2005. *See* N.C. Gen. Stat. § 15A-1353(a) (2007) ("When a sentence includes a term or terms of imprisonment, . . . [u]nless otherwise specified in the order of commitment, the date of the order is the date service of the sentence is to begin.").

On 18 January 2005, defendant was placed on twenty-four months of supervised probation under file number 04 CR 52952, which was to begin *after* defendant was released from incarceration under 02 CRS 51877. Thus, defendant's two-year probation under file number 04 CR 52952 began on 2 April 2005 and was scheduled to end on 1 April 2007.

On 29 March 2005, three days before defendant's release from jail and four days before defendant's probationary period under 04 CR 52952 was set to begin, defendant was ordered to serve twenty-four months of supervised probation under file numbers 05 CR 50050 and 50052. Because the revocation order did not specify that defendant's probation was to run consecutively with defendant's remaining term of imprisonment, this two-year probationary period began on 29 March 2005 and ran concurrently with the other probationary period set to begin four days later. *See* N.C. Gen. Stat. § 15A-1346. Thus, the date on which defendant's probation was scheduled to end under file numbers 05 CR 50050 and 50052 was 28 March 2007.

The State filed probation revocation reports on 7 February 2007 regarding violations defendant was alleged to have committed during his probation. While the probation officer noticed a hearing date of 14 February 2007 in the reports, the hearing on these alleged violations did not actually take place until 4 April 2007—three days after defendant was scheduled to complete his probation for file number 04 CR 52952, and seven days after defendant was scheduled to complete his probation for file numbers 05 CR 50050 and 50052.

However, the probation violation reports filed 7 February alleged that, on 3 August and 26 August 2006, defendant committed

new criminal offenses in violation of the regular conditions of his probation. The reports alleged that charges for the offenses of common law forgery and common law uttering (06 CR 51880) and attempt to obtain controlled substance by fraud (06 CR 51772) "remain[ed] pending in Transylvania County District Court and disposition [wa]s not expected until after the offender[']s release date of 3-16-07." The reports further stated that, "[i]f convicted, this office intends to return the offender to court for a revocation hearing." In addition, at the 4 April 2007 hearing, the probation officer testified that he "believe[d defendant] pled guilty in District Court [to pending charges under 06 CR 51880 and 51772,] but [defendant] appealed those and they are still pending at this time." At that same hearing, when asked "what are the pending charges you now face," defendant testified: "Controlled substance, forgery of an instrument and trying to obtain medication."

N.C.G.S. § 15A-1344(d) provides, in part, that "[t]he probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation." N.C. Gen. Stat. § 15A-1344(d) (2007). Here, there is evidence in the record that defendant had criminal charges pending against him during his probation. While the record does not reflect the date on which those charges were first brought against defendant, nonetheless, on 17 January 2007, the probation officer signed probation violation reports which stated that the charges against defendant under file numbers 06 CR 51880 and 51772 remained pending "and disposition [wa]s not expected until after the offender[']s release date of 3-16-07." Defendant also signed these probation violation reports on 7 February 2007 indicating that he understood the contents of the reports. Since "a defendant's probationary period is automatically suspended when new criminal charges are brought" under N.C.G.S. § 15A-1344(d), see State v. Henderson, 179 N.C. App. 191, 195, 632 S.E.2d 818, 820-21 (2006), the evidence in the record suggests that defendant's concurrent probationary periods under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052 began tolling some time before the probation officer signed the violation reports on 17 January 2007. Although the record does not include copies of any charging documents for the new criminal charges referenced in the reports, we conclude that defendant's testimony confirming that criminal charges were still pending against him as of the 4 April hearing, along with the other evidence in the record, are sufficient to sup-

port the inference that the charges alleged to have been committed by defendant on 3 August and 26 August 2006 were pending against defendant for a period of time exceeding seven days. Accordingly, defendant's probationary periods under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052 did not expire *prior* to the 4 April 2007 hearing, but instead tolled. Consequently, the 4 April hearing was conducted *during* defendant's probation. Therefore, we conclude that the trial court had jurisdiction to revoke defendant's probation on 4 April 2007 and activate his sentences under file numbers 04 CRS 52952, 05 CRS 50050, and 05 CRS 50052.

Our decision renders it unnecessary to address defendant's contention that the trial court erred when it did not find that the State made reasonable efforts to conduct the probation revocation hearing during the probationary period.

No error.

Judges BRYANT and ARROWOOD concur.