STATE OF NORTH CAROLINA
v.
CHARLES RAY RICE
No. COA08-1282.
Court of Appeals of North Carolina.
Filed: August 4, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Letitia C. Echols, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
HUNTER, Robert C., Judge.
Charles Ray Rice ("defendant") appeals from judgment entered 2 January 2008 by Judge John L. Holshouser, Jr. ("Judge Holshouser") in Rowan County Superior Court, which revoked defendant's probation and activated his suspended sentence. On appeal, defendant argues the trial court erred by: (1) activating his sentence because it violated the terms of his plea agreement; and (2) denying his "Motion to Dismiss for Lack of Jurisdiction[.]" After careful review, we affirm.

I. Background
On 3 April 2000, defendant was indicted for: (1) possession with intent to manufacture, sell and deliver marijuana; (2) maintaining a dwelling to keep a controlled substance; and (3) obtaining habitual felon status. On 6 December 2001, defendant pled guilty to these charges pursuant to a plea agreement. The plea agreement states:
In exchange for the [defendant's] plea to 1) felony possession with intent to manufacture, sell [and] deliver marijuana, 2) felony maintaining a dwelling to keep a controlled substance, and 3) habitual felon, the State agrees to: 1) consolidate the offenses into one sentence for judgment; 2) defer/continue sentencing until April 8, 2002; 3) allow the [defendant] out on release until sentencing; and 4) sentence the [defendant] under "extraordinary mitigation" (the [defendant] will receive no active sentence and will receive probation under an intermediate sentence) provided the [defendant] provides meaningful and substantial assistance to the State; 5) if a dispute arises as to meaningful and substantial assistance, the plea agreement may be withdrawn.
On 24 June 2002, Judge Larry G. Ford ("Judge Ford") entered a judgment imposing a term of 80 to 105 months imprisonment and making findings of extraordinary mitigation. Based on the findings of extraordinary mitigation, Judge Ford suspended the sentence and placed defendant on supervised probation for 36 months, including 6 months of intensive supervision.
On 15 October 2004, Judge Kimberly S. Taylor ("Judge Taylor") entered an order modifying defendant's probation based on multiple violations detailed in a 30 June 2004 probation violation report. On 2 June 2005, pursuant to a motion to modify the conditions of defendant's probation, Judge Ford extended defendant's probationary period by two years from 23 June 2005 until 23 June 2007.
On 29 August 2006, defendant's probation officer, Brett Hughes ("Officer Hughes"), filed a probation violation report in Rowan County Superior Court, which asserted that defendant had willfully violated seven conditions of his probation, including, inter alia: testing positive for marijuana and cocaine; failing to comply with substance abuse assessment recommendations; and committing, on 20 March 2005, "the Offenses of (F) Discharge Weapon Occupied Property (05CRS52419) and 3 [Counts] of (F) AWDW Intent to Kill (05CRS52421, 05CRS52422, and 05CRS52423[), which were] pending in Rowan Co. Superior Ct." Defendant signed this probation violation report on 21 August 2006. In an order signed 4 January 2007 and entered 27 February 2007, Judge Taylor modified defendant's probation based on the violations contained in the 29 August 2006 probation violation report, and mandated, inter alia, that defendant was "to be arrested and held without bond pending probation violation hearing" if he tested positive for any illegal drug or refused to submit to drug testing. In an order entered 6 March 2007, Judge Taylor again modified defendant's probation and reiterated that defendant was to be arrested and held without bond pending a probation violation hearing if he tested positive for illegal drugs or refused to submit to a drug screen.
On 7 May 2007, Officer Hughes filed a probation violation report asserting that defendant: tested positive for illegal drugs; was in arrears on his probation fee payments; and failed to provide proof of AA/NA attendance. On 30 May 2007, defendant was arrested and held without bond in accordance with Judge Taylor's mandate. Defendant's case was scheduled for a hearing at the "next session" of Rowan County Superior Court.
On 5 July 2007, at the next regularly scheduled criminal session, defendant appeared before Judge Holshouser and asked him to set bond. Judge Holshouser declined to set bond, and with regard to a future hearing on defendant's purported probation violations, stated that he wanted to "have the matter heard as expeditiously as possible . . . ." After consulting with counsel, Judge Holshouser set the hearing for 13 July 2007, which was the first date that Officer Hughes was available to testify.
On 13 July 2007, Judge Holshouser presided over defendant's probation violation hearing. At the hearing, Officer Hughes recommended that defendant's probation be revoked based on the violations detailed in the 7 May 2007 probation violation report, and defense counsel asserted that the trial court lacked subject matter jurisdiction to revoke defendant's probation because his scheduled period of probation had already expired on 23 June 2007. Judge Holshouser indicated that he needed to study the jurisdictional issue further and continued the matter. Defense counsel indicated that he was unable to be present for an end of July hearing, and as a result, another hearing was scheduled for 2 August 2007.
On 14 December 2007, defendant again appeared before Judge Holshouser. At this hearing, for the first time, the State argued that defendant's probationary period had not expired prior to his 13 July 2007 hearing because it had been tolled by the criminal charges that were allegedly committed by defendant on 20 March 2005 and detailed in the 29 August 2006 probation violation report and by a drug-related criminal offense allegedly committed by defendant in May 2007. Judge Holshouser indicated that he needed to look into the matter further and that he would "hold the matter open for a little while longer . . . to get [the] matter in some sort of perspective."
On 2 January 2008,[1] another hearing was held before Judge Holshouser. At this hearing, the State reiterated its argument that defendant's period of probation had not expired on 23 June 2007 due to the pending criminal charges that were allegedly committed on 20 March 2005. Counsel for the State informed the court that he knew "that the charge of discharging a gun or weapon into occupied property [was] still pending in [the] court[,]" but conceded he did not know exactly when defendant was charged with said crime. Counsel for the State also mentioned that "there was evidence . . . [of] a second charge [for a drug-related offense] that occurred before the expiration of probation" but conceded that he was unsure if that charge "was actually put into evidence." Judge Holshauser found and concluded:
[L]et the record show that the Court is satisfied that the defendant has violated the terms of his probation as set forth in the violation report initially filed August 29, 2006. As to that report, on January 4, 2007, Judge Kimberly Taylor found the defendant to be in violation, but nevertheless continued him on probation. The matter was further reviewed by Judge Taylor on March 2, 2007, with further directives that if the defendant failed his drug screenings, he was to be arrested and held without bond. By report filed by Officer Hughes on May 7, 2007, the defendant was found to test positive for cocaine on May 5, '07, and April 25, '07. A warrant was thereupon issued for the defendant's arrest. Upon arrest, the defendant was ordered to appear at the next session of Superior Court, which was in early July of 2007. The defense counsel objected to the State as to that probationary  in that the probationary period had expired, and the defense counsel raised the issue that the Court had no jurisdiction over the defendant.
A full hearing was held on July 13, 2007, wherein testimony was taken by court personnel or from court personnel to determine the efforts which were made to locate the defendant. It was subsequently determined that the defendant's probationary period had not expired because other felony charges were brought and pending during the probationary period. These charges tolling the probationary period, which the Court notes that these charges have still not been resolved as of the date of this hearing, that the defendant has not been prejudiced by having a decision rendered on this date because Judge Taylor had ordered him held without bond in her order of May 1, 2007, if he failed the drug screenings.
The Court finds that the violations set forth in the violation report dated May 7, 2007, are sufficient to warrant revocation and that continuing the defendant on probation is not a viable option. That the Court orders that the suspended sentence be activated and the probation revoked, and that the defendant be recommended to participate in the DART program.
This appeal followed.

II. Analysis

A. Plea Bargain Terms
First, defendant argues that the 2 January 2008 judgment must be vacated and that his case must be remanded for further proceedings because requiring him to serve active jail time violates the express terms of his plea agreement. Specifically, defendant asserts that the provision agreeing to "sentence the [defendant] under `extraordinary mitigation' (the [defendant] will receive no active sentence and will receive probation under an intermediate sentence)" means that his suspended sentence cannot be activated. Though defendant appears to concede that his interpretation of this provision of the agreement falls outside the lawful authority of the trial court, he further argues that the State is bound by it anyway. This argument is without merit.
Here, Judge Ford did not impose an active punishment or sentence on defendant. See N.C. Gen. Stat. § 15A-1340.11(1) (2007) (defining "[a]ctive punishment" as "[a] sentence in a criminal case that requires an offender to serve a sentence of imprisonment and is not suspended"). Rather, pursuant to N.C. Gen. Stat. § 15A1-340.13(g) (2007), Judge Ford made findings of extraordinary mitigation in order to deviate from the active punishment or sentence, that is mandated by N.C. Gen. Stat. § 15A-1340.17(c) (2007) for a Class C felony committed by a level II offender, and to impose an intermediate punishment or sentence. By suspending defendant's active term of imprisonment and placing him on probation, including a term of intensive probation, Judge Ford gave defendant an intermediate punishment or sentence in accordance with the plea agreement. See N.C. Gen. Stat. § 15A-1340.11(6) (defining "[i]ntermediate punishment" as "[a] sentence in a criminal case that places an offender on supervised probation and includes at least one of the [specified] conditions" listed in section 15A1-340.11(6), such as intensive probation).
Defendant cites no authority, and we have found none, to support his claim that the State is barred from activating a suspended sentence, where, as here, a defendant violates the conditions of his probation. In fact, defendant's argument is contrary to the inherent nature of probation. See Stevens H. Clarke, Law of Sentencing, Probation, and Parole in North Carolina 7 (Inst. of Gov't, Chapel Hill, N.C., 2d ed. 1997) ("Probation in North Carolina law is a suspended sentence of imprisonment contingent on the observance of conditions set by the court, the violation of which empowers the court to revoke the suspension and activate the prison or jail sentence."). As such, we conclude that the sentence Judge Ford imposed was in accordance with the plea agreement and that the terms of the agreement did not bar the State from activating his suspended sentence. Consequently, we overrule this assignment of error.

B. Subject Matter Jurisdiction
Next, defendant argues that Judge Holshouser erred by finding, without adequate supporting evidence, that defendant's probationary period was tolled pursuant to N.C. Gen. Stat. § 15A-1344(d) (2007) and by concluding that the trial court had subject matter jurisdiction to revoke defendant's probation and activate his suspended sentence. As discussed infra, we disagree.
Section 15A-1344(d) provides in pertinent part that: "The probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation." Id.
Defendant contends that the only competent evidence tendered by the State as to pending criminal charges was the 29 August 2006 probation violation report, which states that defendant had allegedly committed felony offenses on 20 March 2005 and that those charges were pending in Rowan County at the time of said report. Defendant acknowledges that, during the 2 January 2008 hearing, counsel for the State made unsworn representations to the trial court that these criminal charges were pending, but he argues that unsworn statements from counsel are not competent evidence to support this determination. Because the trial court purportedly did not have evidence before it as to the dates the 2005 charges and the 2007 charge were made and resolved, defendant claims the trial court could not properly determine if his probationary period was tolled.

A. Motion to Amend the Record
At the outset, we note that on 6 February 2009, the State filed a motion with this Court seeking to amend the record on appeal pursuant to Appellate Rule 9(b)(5), which provides in pertinent part:
On motion of any party[,] . . . the appellate court may order additional portions of a trial court record or transcript sent up and added to the record on appeal. On motion of any party the appellate court may order any portion of the record on appeal or transcript amended to correct error shown as to form or content.
N.C.R. App. P. 9(b)(5). In its motion, the State asks us to amend the record to include, inter alia, copies of: (1) the warrant for defendant's arrest for the March 2005 charge of discharging a weapon into an occupied vehicle (05 CRS 52419) and the warrant for the March 2005 charge of three counts of assault with a deadly weapon with intent to kill (05 CRS 52421-23), which are dated 21 March 2005; (2) the indictment for the discharging a weapon into an occupied vehicle charge and the indictment for one of the charges for assault with a deadly weapon with intent to kill (05 CRS 52421), dated 29 August 2005; (3) the transcript of plea regarding all four charges, dated 11 April 2008; (4) the judgment as to these charges, dated 11 April 2008; (5) a "Magistrate's Order" authorizing defendant's arrest for felonious possession of cocaine with intent to sell (07 CRS 53371), dated 30 May 2007; and (6) an indictment for this charge, dated 3 December 2007. These documents clearly show that, at the time the trial court revoked defendant's probation and activated his suspended sentence on 2 January 2008, defendant's probationary period was tolled by pending criminal charges, and therefore, that the trial court had subject matter jurisdiction.
However, defendant asserts that we should deny the State's motion and not consider these documents as part of the record on appeal because they were not presented to or considered by the trial court. In support, defendant notes that Appellate Rule 11, which governs the settling of the record on appeal, provides that "any item not filed, served, submitted for consideration, admitted, or for which no offer of proof was tendered, shall not be included" in either the record on appeal or the "`Rule 11(c) Supplement to the Printed Record on Appeal[.]'" N.C.R. App. P. 11(c).
At the 14 December 2007 hearing, the State informed Judge Holshouser:
In this particular case, quite interestingly, Your Honor, there was a case back in 2005 and there was a violation report that was filed and one of the reasons for the violation was a charge of discharged weapon into a[n] occupied dwelling from March 20th, 2005. According to this case and according to the Institute of Government, this case has been tolled since that date until the disposition of that particular case. And, of course, Your Honor also heard of the second case, the charge on somewhere in July  or excuse me, May of 2007, where the regular term of probation was supposed to expire in June. That would also toll this case until the disposition of those particular cases, which opens up interesting dynamics as to whether or not this case was even heard at the expiration of the probation, which I would argue to the Court, it wasn't, because his probation still hasn't ended and will not end until the tolling period ends.
In response, Judge Holshouser indicated that he was "going to read all of [the] materials again, [and] all of the[] new materials which ha[d] been submitted to [him] . . . ."
To an extent, the above exchange lends support to the fact that Judge Holshouser did have some materials pertaining to the pending 2005 and 2007 criminal charges against defendant before him. However, the State does not assert that the various documents it now seeks to include in the record were before the trial court, and after closely examining the record on appeal, we cannot conclude with a sufficient degree of certainty that these documents were presented to and considered by the trial court. Consequently, we deny the State's motion to amend the record. However, as discussed infra, even without this evidence, we believe that sufficient evidence exists to support the trial court's determination that defendant's probationary period was tolled, and therefore, that the trial court had jurisdiction to revoke his probation and to activate his sentence.

B. Tolling
Citing State v. Patterson, 190 N.C. App. 193, 660 S.E.2d 155 (2008) in support, the State argues that even if this Court cannot consider the aforementioned documents as part of the record on appeal, Judge Holshouser's determination that defendant's probationary period was tolled by the pending charges against him is adequately supported by evidence in the record, specifically by the 29 August 2006 probation violation report and by defense counsel's acknowledgment, made during the 2 January 2008 hearing, that these charges were still pending. Defendant contends that there was no evidence before Judge Holshouser regarding the May 2007 drug charge, that the only evidence before the trial court as to the March 2005 charges was the 29 August 2006 probation violation report, and that this evidence is insufficient to establish that the March 2005 charges were pending prior to the scheduled expiration of his probation on 23 June 2007. In addition, defendant asserts that defense counsel did not concede, at the 2 January 2008 hearing, that defendant had any pending criminal charges against him.
First, based on this Court's decision in Patterson, we find defendant's argument that there was insufficient evidence to establish that the March 2005 criminal charges were pending prior to the scheduled expiration of his period of probation on 23 June 2007 to be without merit. In Patterson, as in the instant case, the record did not include copies of any charging documents for the new criminal charges against the defendant that were referenced in the probation violation reports. Id. at 197, 660 S.E.2d at 158. While this Court acknowledged that the record did not reflect the precise date on which those criminal charges were brought against the defendant, based on the facts that: (1) on 17 January 2007, the defendant's probation officer signed the probation violation reports, which listed the charges against the defendant, contained the file numbers for these charges, and stated that these charges were pending; and (2) on 7 February 2007, the defendant signed said reports, indicating that he understood the contents of the report, this Court determined that the "evidence in the record suggest[ed] that [the] defendant's . . . probationary periods . . . began tolling some time before the probation officer signed the violation reports on 17 January 2007. Id.
Here, the 29 August 2006 probation violation report states that the March 2005 charges against defendant were pending in Rowan County Superior Court, contains the file numbers for these charges, and states that if defendant is convicted of these offenses, the conviction(s) would be in violation of defendant's probation. Officer Hughes signed said report on 29 August 2006, and defendant signed it on 21 August 2006, indicating that he understood the contents of the report. Hence, as in Patterson, we conclude that this evidence supports that defendant's period of probation began tolling some time prior to when Officer Hughes signed the probation violation report on 29 August 2006. Given that defendant's scheduled period of probation expired on 23 June 2007, these charges would have been pending prior to the scheduled expiration of his probationary period.
Next, we disagree with defendant that his attorney did not acknowledge/concede that any of the March 2005 charges listed in the 29 August 2006 probation violation report were pending against defendant at the time of the 2 January 2008 hearing. Here, at the beginning of the 2 January 2008 hearing, the Assistant District Attorney asserted that defendant's period of probation was tolled by the pending criminal charges from March 2005. In making this argument, he stated:
I'm looking at the violation report filed August 29, 2006. Ask the Court to take judicial notice of the file where it talks about the offense of discharging a weapon into an occupied property, three counts of assault with a weapon with intent to kill.
Those charges at the time were pending in Rowan County Superior Court. I know that the charge of discharging a gun or weapon into occupied property is still pending in our court. So, my understanding is that once that charge occurred, then the probation tolled, meaning that whatever time is left on the probation from the time that this offense occurred, kind of just pauses . . . .
After the State finished its initial argument, Judge Holshouser then asked defense counsel to discuss the violations contained in the 29 August 2006 probation violation report. Specifically, Judge Holshouser stated:
I understand on the probation, but I would like to hear from Mr. Hughes [defendant's probation officer] on this particular case in terms of the violation report, if I could, please. It's just been a while. If you would, please, go ahead and go through again what the violations were in the violation report, if you recall.
Mr. Davis [defense counsel], if you will refresh my recollection. That was all put in the record. We had a pretty lengthy hearing about all these facts. I remember that.
Defense counsel responded:
[T]he violation report dated 8/29/06, it was positive for marijuana and cocaine. There was [sic] numerous missed office visits, there were monetary arrearages, and he had failed to comply with a substance abuse assessment that was ordered, and, of course, the pending charge that Mr. District Attorney just spoke about.

(Emphasis added). In addition, later, in response to another question from the trial court, defense counsel: (1) indicated that he agreed that the tolling issue was correct, but argued that it did not apply to the instant case due to the purported failure of the State to provide defendant with a preliminary hearing; and (2) stated, with regard to the pending charges contained in the probation violation report, that "if the cases had been disposed of  and apparently they have not . . . ."
We believe that by making these statements, defense counsel acknowledged/confirmed that, at the very least, the March 2005 charge for discharging a weapon into occupied property was still pending against defendant as of the 2 January 2008 hearing.
In Patterson, at the 4 April violation hearing, the defendant was asked, "`what are the pending charges you now face,'" and the defendant replied: "`Controlled substance, forgery of an instrument and trying to obtain medication.'" Id. at 197, 660 S.E.2d at 157-58. This Court concluded that the defendant's testimony "confirm[ed] that criminal charges were still pending against him as of the 4 April hearing," and that this, "along with the other evidence in the record, [was] sufficient to support the inference that the charges alleged to have been committed by [the] defendant [in August 2006] were pending against [the] defendant for a period of time exceeding seven days."[2]Id. at 197-98, 660 S.E.2d at 158.
In the instant case, we believe that the record evidence, including defense counsel's acknowledgment at the 2 January hearing that, at the very least, the March 2005 felony offense of discharging a firearm into occupied property was still pending against defendant, is sufficient to support the inference that this criminal charge was still pending against defendant on 2 January 2008. Furthermore, on 29 August 2006, defendant had almost ten more months remaining on his scheduled period of probation; hence, pursuant to section 15A-1344(d), the trial court had jurisdiction to revoke defendant's probation well beyond the time that passed between the scheduled expiration date of 23 June 2007 and the 2 January 2008 hearing. See State v. Henderson, 179 N.C. App. 191, 195, 632 S.E.2d 818, 821 (2006) (holding that where the defendant was arrested for a criminal charge with 31 days remaining on his period of probation, the trial court had jurisdiction, pursuant to N.C. Gen. Stat. § 15A-1344(d), to revoke or modify his probation for up to 31 days after the charge was no longer pending).
Accordingly, we hold that defendant's probationary period did not expire prior to the 2 January 2008 hearing, but instead tolled. Consequently, the 2 January 2008 hearing was conducted during defendant's probation. Therefore, we conclude that on 2 January 2008, the trial court had jurisdiction to revoke defendant's probation and activate his sentence based on its determinations that defendant violated the probation conditions contained in the 7 May 2007 probation violation report and that said violations warranted revocation.
Defendant makes no argument regarding his remaining assignments of error; therefore, we deem them abandoned pursuant to N.C.R. App. P. 28(b)(6).
Affirmed.
Judges McGEE and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] At this hearing, counsel for the State asserted that hearings had occurred in August and October 2007, but admitted that he did not know the exact dates. Defense counsel stated that a hearing had been held in October 2007. The record does not contain a transcript from either hearing.
[2] The "other evidence" referred to in Patterson appears to be testimony from the defendant's probation officer, given at the 4 April violation hearing, in which he stated that "he `believe[d defendant] pled guilty in District Court [to pending charges under 06 CR 51880 and 51772,] but [defendant] appealed those and they are still pending at this time.'" Id. at 197, 660 S.E.2d at 157 (alterations in original).