STATE OF NORTH CAROLINA v. DEXTER LEON SURRATT

No. COA05-1156

(Filed 16 May 2006)

**Probation and Parole— modifications after expiration of original term—no pending violation allegations—no jurisdiction**

The trial court lacked jurisdiction to revoke defendant's probation on 7 April 2005 where the five year term of probation had begun on 24 September 1995 and had expired on 23 September 2000 without pending allegations of violations. The court lacked jurisdiction to modify the probation judgment (as it did several times) after that date.

Appeal by defendant from judgment entered 7 April 2005 by Judge James W. Morgan in Catawba County Superior Court. Heard in the Court of Appeals 19 April 2006.

Attorney General Roy Cooper, by Assistant Attorney General Ann B. Wall, for the State.

Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, for defendant-appellant.

TYSON, Judge.

Dexter Leon Surratt ("defendant") appeals from judgment entered finding him to be in violation of his probation and activating a three year sentence imposed in 1994. We reverse.

## I. Background

On 14 June 1994, defendant received a suspended sentence of three years in the custody of the Department of Correction following a conviction of indecent liberties with a minor. Defendant's sentence was suspended, and he was placed on supervised probation for sixty months. This probation period was to begin at the expiration of his active sentence in companion case 93 CRS 12023.

On 24 September 1995, defendant was released from the Department of Corrections after he completed his sentence in 93 CRS 12023. On this date, defendant began to serve the five years term of probation concurrently with a ten year active sentence in a separate case, 94 CRS 011654. He was released on parole on 24 January 1999 in the later case.

On 11 February 1999, without allegations of probation violations, the trial court modified defendant's probation to waive probation supervision fees of twenty dollars per month. Defendant acknowledged receipt of this modification of the conditions of his probation.

On 22 March 2001, without allegations of probation violations, the trial court modified defendant's probation to reinstate payment of probation supervision fees. Defendant did not sign this order to acknowledge receipt of modifications of the conditions of his probation. On 13 March 2003, the trial court purportedly modified the conditions of defendant's probation to extend probation for twelve months from 23 January 2004 to 23 January 2005, to undergo sex offender treatment, and to undergo house arrest for ninety days. Defendant signed this order to acknowledge receipt of the conditions of probation.

On 1 November 2004, an order for arrest for felony probation violation was served on defendant. The order alleged defendant was: (1) suspended from his sex offender treatment program; and (2) $350.00 in arrears in his probation supervision fees.

On 6 January 2005, the trial court found defendant had been suspended from his sex offender treatment program and extended his probation with additional conditions for another eleven months and

nine days from 22 January 2005 until 31 December 2005. The trial court ordered defendant to sign a new contract for his sex offender treatment program and ordered defendant not be unsupervised in the presence of anyone under the age of eighteen years.

On 1 February 2005, an order for arrest for felony probation violation was served on defendant. The order alleged defendant: (1) missed two curfew checks; (2) was $470.00 in arrears in his probation supervision fees; and (3) had been suspended from his sex offender treatment program on 1 February 2005 and had been in the unsupervised presence of his sister, who was under eighteen years of age.

On 7 April 2005, the trial court found defendant had violated all three allegations contained in the violation report. The trial court revoked defendant's probation and activated his three year sentence imposed and suspended in 1994. Defendant appeals.

## II. Issues

Defendant argues the trial court lacked jurisdiction to modify his probation.

## III. Probation Supervision

Defendant contends, "the hearing court lacked jurisdiction to enter a revocation judgment against [defendant]." Defendant argues his five years term of probation began on 24 September 1995 and ended on [23] September 2000, and "all orders entered in this matter after said date are a nullity and void ab initio." We agree.

N.C. Gen. Stat. § 15A-1346 (2005) provides that "a period of probation commences on the day it is imposed and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period."

On 24 September 1995, defendant began to serve a ten year sentence in an unrelated and separate case (94 CRS 011654). On 24 September 1995, defendant also began to serve his probationary sentence. He was released on parole on the later charge on 24 January 1999. Defendant's five year probationary period ended 23 September 2000.

The trial court, without allegations of probation violations, modified defendant's probation to waive probation supervision fees on 11 February 1999. Defendant signed to acknowledge receipt of this modification of the conditions of his probation.

On 18 March 2003, defendant consented to an one year extension of his probation "in lieu of a formal violation due to being suspended from the Sexual Abuse Intervention Program." Defendant's probationary period was purportedly extended from 23 January 2004 to 23 January 2005. The State contends, "[a] finding of a violation of probation conditions would have been grounds for revocation of probation and activation of his original three year sentence."

On 6 June 2005, the trial court found defendant had violated a valid condition of his probation when he refused to sign the new sexual offense treatment program contract. The trial court extended his probationary period an additional eleven months to 31 December 2005.

On 7 April 2005, the trial court held defendant had violated all three allegations of the 1 February 2005 violation report including: (1) missing two curfew checks; (2) being $470.00 in arrears in his probation supervision fees; and (3) being suspended from his sex offender treatment program on 1 February 2005 and being in the unsupervised presence of his sister, who was under eighteen years of age.

N.C. Gen. Stat. § 15A-1344(f) (2005) provides:

(f) Revocation after Period of Probation.—The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

In *State v. Camp,* our Supreme Court held a trial court that lacked jurisdiction over the defendant had no power to revoke the defendant's probation. 299 N.C. 524, 528, 263 S.E.2d 592, 595 (1980). The Court stated "probation can be revoked and the probationer made to serve a period of active imprisonment even after the period of probation has expired if a violation occurred during the period *and if the court was unable to bring the petitioner before it in order to revoke at that time.*" *Id.* (internal quotations and citations omitted).

Here, defendant's term of probation expired on 23 September 2000. Both extensions of defendant's probationary period occurred long after the five years term of probation had expired without allegations of defendant's violation prior to the expiration. *Id.* Defendant

IN RE B.C.D.

[177 N.C. App. 555 (2006)]

agreed to the waiver of his probationary fees within the term of probation on 11 February 1999. The trial court had jurisdiction over defendant at that time. No violations of probation were alleged or pending at the time defendant's probation expired. The trial court lacked jurisdiction to revoke defendant's probation and activate his sentence in February 2005. N.C. Gen. Stat. § 15A-1344(f).

## IV. Conclusion

Defendant's five years term of probation expired on 23 September 2000. The trial court lacked jurisdiction to reinstate defendant's probation supervision fees or to make further modifications to his probation judgment after that date. *Camp*, 299 N.C. at 528, 263 S.E.2d at 595. The trial court's judgment is reversed.

Reversed.

Judges GEER and JACKSON concur.