STATE OF NORTH CAROLINA v. JASON BRENT MAUCK, Defendant

No. COA09-1042

(Filed 15 June 2010)

**1. Probation and Parole— revocation—subject matter jurisdiction—transfer between counties**

   The trial court in Buncombe County had jurisdiction under N.C.G.S. § 15A-1344(a) to revoke defendant's probation where the original probation was entered in Haywood County but was later modified in Buncombe County. Defendant did not appeal from the modification of the order in Buncombe County, so that the notice of appeal required for jurisdiction was not proper, and the record did not include information which would be necessary for the Court of Appeals to determine if there was any impropriety in the transfer of the defendant's case from Haywood County to Buncombe County.

**2. Probation and Parole— revocation—subject matter jurisdiction—same county as initial order**

   Buncombe County had subject matter jurisdiction for revoking defendant's probation where the initial probation was entered in Buncombe County.

Appeal by defendant from judgments entered on or about 2 April 200 by Judge C. Philip Ginn in Superior Court, Buncombe County. Heard in the Court of Appeals 27 January 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Lynn Norton-Ramirez, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments revoking his probation. Defendant argues the trial court did not comply with N.C. Gen. Stat.

§ 15A-1344(a). As we conclude the trial court complied with N.C. Gen. Stat. § 15A-1344(a), we affirm.

## I. Background

On or about 20 October 2003, in Haywood County, defendant pled guilty to, *inter alia*, selling or delivering a schedule two controlled substance and possession with intent to sell or deliver cocaine ("drug convictions"). The file number on defendant's judgment was 03CRS3703. Defendant received a suspended sentence requiring supervised probation for 36 months for both drug convictions. On 5 April 2007, the terms of defendant's probation regarding his drug convictions in file number 03CRS3703 were modified in Buncombe County.[1] The Buncombe County court, in file number 07CRS2081, entered an order which required defendant to "obtain assessment at TASC[,]" "[s]erve an active term of 3 days . . . in the custody of" the Buncombe County Sheriff, and "report in a sober condition to begin serving his/her term on" 20 April 2007.

On or about 21 May 2007, defendant pled guilty in Buncombe County to possessing stolen goods or property ("theft conviction"). Defendant received a suspended sentence and was placed on supervised probation for 12 months.

On or about 2 April 2009, in Buncombe County, defendant's probation was revoked on file number 07CRS2081, and he was ordered to an active sentence of 15 to 18 months for his drug convictions. Also on or about 2 April 2009, in Buncombe County, defendant's probation was revoked for his theft conviction, and he was sentenced to an active term of 6 to 8 months imprisonment. Defendant appeals the two orders revoking his probation.

## II. Probation Revocation

Defendant contends that

the trial court lacked subject matter jurisdiction to revoke Mr. Mauck's probation in case 07 CRS 2081 because there was insufficient evidence that the case had been transferred to Buncombe County, that Mr. Mauck violated his probation in Buncombe County or that Mr. Mauck resided in Buncombe County.

(Original in all caps.)

---

1. There is no documentation in the record addressing the transfer of defendant's case from Haywood County to Buncombe County; however, defendant has not appealed from the first Buncombe County order modifying his probation in 2007 and has not made any assignments of error or argument regarding entry of the first Buncombe County order modifying his probation.

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, —— N.C. App. ——, ——, 689 S.E.2d 590, 592 (2010) (citation omitted). N.C. Gen. Stat. § 15A-1344(a) provides in pertinent part:

> probation may be reduced, terminated, continued, extended, modified, or revoked by any judge entitled to sit in the court which imposed probation and who is resident or presiding in the district court district as defined in G.S. 7A-133 or superior court district or set of districts as defined in G.S. 7A-41.1, as the case may be, where the sentence of probation was imposed, where the probationer violates probation, or where the probationer resides.

N.C. Gen. Stat. § 15A-1344(a) (2008). Defendant argues that Haywood County was the trial court where the sentence of probation was imposed, so for the Buncombe County trial court to have jurisdiction, the State must have proven that defendant's case was transferred to Buncombe County, defendant violated his probation in Buncombe County or that defendant resided in Buncombe County at the time of the violation. Defendant further contends that because there was insufficient evidence of the transfer of probation to Buncombe County, where the violation occurred, and where defendant resided, the trial court in Buncombe County did not have jurisdiction to revoke his probation under N.C. Gen. Stat. § 15A-1344(a).

A. Drug Convictions

[1] Though defendant was originally sentenced and probation was imposed for his drug convictions in Haywood County, Buncombe County modified the terms of the original Haywood County probation order by entering its own order with a new file number approximately two years before the revocation took place. Defendant's modified probation order was entered on 5 April 2007, in Buncombe County in file number 07CRS2081, and defendant was then supervised by Buncombe County's probation office pursuant to that order. Defendant's probation was revoked on or about 2 April 2009 in Buncombe County in file number 07CRS2081. Thus, defendant's probation revocation was entered "where the sentence of probation was imposed[.]" *Id.* Though defendant was originally convicted and probation was first imposed in Haywood County, the probation order which he violated was imposed in Buncombe County in 2007 through the modification of his original order. *See id.*

STATE v. MAUCK

[204 N.C. App. 583 (2010)]

Thus, defendant's challenge to the trial court's subject matter jurisdiction is really based upon the 2007 Buncombe County order. However, defendant did not appeal from the 2007 order modifying his probation. While "[s]ubject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal[,]" *In re S.T.P.*, —— N.C. App. ——, ——, 689 S.E.2d 223, 226 (2010) (citation and quotation marks omitted), when filing a notice of appeal, as defendant did here, the notice "shall designate the judgment or order from which an appeal is taken[.]" N.C.R. App. P. 4(b). Without a proper notice of appeal, this Court does not have the jurisdiction to hear a case. *See, e.g., State v. Morris*, 41 N.C. App. 164, 166, 254 S.E.2d 241, 242 ("Notice of Appeal is required in order to give this Court jurisdiction to hear and decide a case." (citations omitted)). Therefore, this Court cannot consider the question of subject matter jurisdiction as to defendant's 2007 order modifying probation because defendant did not appeal from it. In addition, the record on appeal does not include information which would be necessary for us to determine if there was any impropriety in the transfer of the defendant's case from Haywood County to Buncombe County prior to entry of the modification order in 2007.

In conclusion, the trial court in Buncombe County had jurisdiction under N.C. Gen. Stat. § 15A-1344(a) to revoke probation where defendant's modified probation order was entered in Buncombe County in 2007. *See* N.C. Gen. Stat. § 15A-1344(a). Whether Buncombe County properly had subject matter jurisdiction to enter the 2007 order modifying defendant's probation is a question outside the scope of review of this Court, as defendant has not appealed from that order. *See, e.g., Morris* at 166, 254 S.E.2d at 242. This argument is overruled.

B. Theft Conviction

**[2]** On or about 21 May 2007, defendant's theft conviction, for which he also received probation, was entered in Buncombe County. Also, on or about 2 April 2009 in Buncombe County, defendant's probation was revoked as to his theft conviction. We can discern no cognizable argument regarding subject matter jurisdiction as to the revocation of defendant's probation for his theft conviction as it was originally entered in Buncombe County and was revoked in the same court. The trial court has again complied with N.C. Gen. Stat. § 15A-1344(a). *See* N.C. Gen. Stat. § 15A-1344(a). This argument is without merit.

III. Conclusion

We conclude that the trial court properly revoked defendant's probation pursuant to N.C. Gen. Stat. § 15A-1344(a), and thus we affirm.

AFFIRMED.

Judges BRYANT and ELMORE concur.