STATE v. GORMAN

[221 N.C. App. 330 (2012)]

———

STATE OF NORTH CAROLINA v. RICHARD J. GORMAN, JR.

No. COA11-840

(Filed 19 June 2012)

**1. Appeal and Error—preservation of issues—notice requirements—other issues dispositive**

Although defendant contended that the trial court's orders entered 28 July 2008 in Onslow County Superior Court were invalid based on the court's failure to adhere to applicable notice requirements under N.C.G.S. § 15A-1342(d), this argument was not addressed based on the other issues in the case being dispositive.

**2. Probation and Parole—improper extension of probationary period—lack of statutory authority**

The trial court's orders entered 28 July 2008 that extended defendant's original sixty-month probation period for a period of thirty-six months lacked statutory authority and were therefore void.

**3. Probation and Parole—revocation of parole—activation of suspended sentences—jurisdiction**

The trial court's orders revoking defendant's probation and activating defendant's suspended sentences were remanded for consideration of whether the trial court had jurisdiction to

revoke defendant's probation for violations occurring on or after 27 November 2010.

Judge ERVIN concurring in separate opinion.

Appeal by defendant from judgments entered 8 February 2011 by Judge Theodore S. Royster in Davidson County Superior Court. Heard in the Court of Appeals 8 February 2012.

*Attorney General Roy Cooper, by Associate Attorney General Christina S. Hayes, for the State.*

*Bushnaq Law Office, PLLC, by Faith S. Bushnaq, for defendant-appellant.*

BRYANT, Judge.

Where the record is insufficient to determine when defendant's probation commenced and whether defendant's probation period was tolled during the resolution of unrelated charges against defendant in another jurisdiction but where defendant's reported probation violation may have occurred after the original period of probation expired, we reverse the orders activating defendant's sentences and remand the matter for further consideration.

On 3 June 2005, in Onslow County Superior Court, defendant Richard Gorman pled guilty to two counts of felony worthless check and five counts of obtaining property by false pretenses. The trial court entered judgment that same day. Consolidating the two counts of felony worthless check, the trial court sentenced defendant to a term of 6 to 8 months. On the charges of obtaining property by false pretenses, the trial court entered three judgments; each judgment sentenced defendant to a term of 8 to 10 months. All sentences were to be served consecutively; however, the trial court suspended all sentences and placed defendant on supervised probation. Finding that "a longer period of probation is necessary than that which was specified in N.C. Gen. Stat. § 15A-1343.2(d)[,]" the trial court imposed supervised probation for a period of sixty months.

The record indicates that subsequent to the trial court's entry of judgments imposing probation, defendant was extradited to New Jersey for offenses which took place prior to his 3 June 2005 plea agreement. The record also indicates that from 2005 to 2010 defendant served a five year active sentence in a New Jersey correctional facility.

On 28 July 2008, the Onslow County Superior Court reviewed the 2005 judgments and commitments. The Superior Court entered four orders modifying the terms of defendant's probation, extending the probation period by thirty-six months from 2 June 2010 to 1 June 2013.

Upon his release from the New Jersey correctional facility, defendant returned to Onslow County. Defendant then moved to Davidson County after making appropriate arrangements with the Davidson County probation office.

On 6 December 2010, defendant's probation officer filed a violation report in Davidson County Superior Court stating that defendant had failed to be at his designated residence since 27 November 2010; that defendant had left his approved residence and failed to make his whereabouts known; and that defendant had failed to report, failed to return phone calls, and failed to be at his residence during curfew hours. On 9 December 2010, two orders for arrest were issued for defendant for felony probation violations. Defendant turned himself in to law enforcement in Pennsylvania and was extradited back to North Carolina.

Following a probation violation hearing held on 8 February 2011, the trial court found that defendant had willfully violated his probation and entered judgment and commitment orders upon revocation of probation activating defendant's suspended sentences. In accordance with the judgments entered on 3 June 2005 in Onslow County Superior Court, the Davidson County Superior Court activated one sentence of 6 to 8 months and three sentences of 8 to 10 months, all to be served consecutively. Defendant appeals.

---

On appeal, defendant questions whether the Davidson County Superior Court had jurisdiction to revoke his probation. Defendant contends that (A) the 28 July 2008 Onslow County Superior Court orders extending his probation were invalid as no reasonable notice of the proceedings to review the terms of his probation was provided, (B) the 28 July 2008 orders were invalid because they exceeded the court's statutory authority by imposing a probation period longer than five years, and, (C) because the original sixty-month probation period expired prior to the reported conduct that resulted in a revocation of defendant's probation, the Davidson County Superior Court lacked jurisdiction to revoke his probation and activate his sentence. We agree in part and remand in part for further consideration.

STATE v. GORMAN

[221 N.C. App. 330 (2012)]

## Grounds for Appeal

"When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, the defendant may appeal under G.S. 7A-27." N.C. Gen. Stat. § 15A-1347 (2011).

## Standard of Review

"[T]he issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte.*" *State v. Webber,* 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008) (citation omitted). "It is well settled that a court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Reinhardt,* 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (citation omitted). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *Allred v. Tucci,* 85 N.C. App. 138, 143, 354 S.E.2d 291, 295 (1987) (citation omitted). "If the court was without authority, its judgment . . . is void and of no effect." *Id.* (citations omitted).

"[A]n appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a *de novo* review." *State v. Satanek,* 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008) (citing *State v. Bryant,* 361 N.C. 100, 637 S.E.2d 532 (2006)).

### A

[1] Defendant first contends that the orders entered 28 July 2008 in Onslow County Superior Court were invalid because the court failed to adhere to applicable notice requirements under N.C. Gen. Stat. § 15A-1342(d).

While defendant presents strong arguments on the issues of whether his 3 June 2005 probation orders were properly reviewed in Onslow County Superior Court on 28 July 2008 pursuant to N.C.G.S. § 15A-1342(d) and whether reasonable notice of the review proceeding was provided to him as mandated by the statute, because we find the issue addressed in subsection B dispositive, we do not further address arguments defendant presented in subsection A.

*B*

**[2]** Assuming without deciding that reasonable notice of the 2008 probation review hearing was provided, defendant contends that the orders entered 28 July 2008, extending his probation beyond the original sixty-month period, were entered without statutory authority. We agree.

Under General Statutes, section 15A-1343.2(d), the length of the original period of probation for felons sentenced under Article 81B—Structured Sentencing of Persons Convicted of Crimes—to intermediate punishment is "not less than 18 nor more than 36 months." N.C. Gen. Stat. § 15A-1343.2(d)(4) (2011).

> If the court finds at the time of sentencing that a longer period of probation is necessary, *that period may not exceed a maximum of five years*, as specified in G.S. 15A-1342 and G.S. 15A-1351.[1]
>
> Extension.—The court may *with the consent of the offender* extend the original period of the probation if necessary to complete a program of restitution or to complete medical or psychiatric treatment ordered as a condition of probation. This extension may be for no more than three years, and *may only be ordered in the last six months of the original period of probation.*

N.C.G.S. § 15A-1343.2(d) (2011) (emphasis added).

Defendant's original probation period was imposed on 3 June 2005. In the judgments entered 3 June 2005, defendant's active sentences were suspended and an intermediate punishment imposed. At that time, the trial court found that "a longer period of probation [was] necessary than that which was specified in N.C. Gen. Stat. § 15A-1343.2(d)." The Onslow County Superior Court imposed a probation period of sixty months. On 28 July 2010, the Onslow County Superior Court entered four orders modifying defendant's probation period: "[t]he defendant's term of probation is extended for a period of 36 months from 06-02-2010 to 06-01-2013." The trial court orders were not entered in the last six months of the original sixty-month probation period nor is there any indication defendant consented to the thirty-six month probation period extension. Therefore, the orders extending defendant's probation beyond five years were not entered pursuant to N.C.G.S. § 15A-1343.2(d).

---

1. Pursuant to N.C. Gen. Stat. § 15A-1351(a), imposing conditions of special probation, "[t]he original period of probation, including the period of imprisonment required for special probation . . . may not exceed a maximum of five years, except as provided by G.S. 15A-1342(a)." N.C. Gen. Stat. § 15A-1351(a) (2011).

Pursuant to General Statutes, section 15A-1344(d), "Extension and Modification; Response to Violations,"

> [a]t any time prior to the expiration or termination of the probation period or in accordance with subsection (f) [(Extension, Modification, or Revocation after Period of Probation)] of this section, the court may after notice and hearing and for good cause shown extend the period of probation *up to the maximum allowed under G.S. 15A-1342(a)* and may modify the conditions of probation.

N.C. Gen. Stat. § 15A-1344(d) (2011) (emphasis added). Pursuant to N.C. Gen. Stat. § 15A-1342(a), "[t]he court may place a convicted offender on probation for the appropriate period as specified in G.S. 15A-1343.2(d), *not to exceed a maximum of five years*." N.C. Gen. Stat. 15A-1342(a) (2011) (emphasis added).

The orders modifying defendant's probation period resulted in a term imposed on 3 June 2005 and extended to 1 June 2013—eight years. Such a probation period clearly exceeds the statutory five year probation period maximum set out under N.C.G.S. § 15A-1342(a). The State provides no authority for such an extension, and we find none. We hold that the orders entered 28 July 2008, extending defendant's sixty-month probation period for a period of 36 months, lack statutory authority and are, therefore, void. *See Tucci*, 85 N.C. App. at 143, 354 S.E.2d at 295 ("If the court was without authority, its judgment . . . is void and of no effect."). Accordingly, these orders are vacated.

However, this is not the end of the inquiry. While the orders extending defendant's probation period beyond the original sixty-month probation term lack statutory authority, there remains the issue of whether defendant's original sixty-month probation term was tolled pending the resolution of the charges brought against defendant in New Jersey.

## C

[3] Defendant contends that because the conduct deemed to violate the terms of his probation occurred after the expiration of the probationary period, the trial court lacked jurisdiction to revoke his probation.

On appeal, the State argues that defendant's original probation period was from 3 June 2005 to 2 June 2010, and the probationary period was tolled when defendant was arrested in New Jersey. The State cites General Statutes, section § 15A-1344(g) (2009), which pro-

vides that "[i]f there are pending criminal charges against the probationer in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against the probationer for violation of the terms of this probation, the probation period shall be tolled until all pending criminal charges are resolved." N.C. Gen. Stat. § 15A-1344(g) (2009) (repealed effective 1 December 2009). *Compare State v. Henderson*, 179 N.C. App. 191, 195, 632 S.E.2d 818, 821 (2006) (holding "the trial court had jurisdiction . . . to revoke or modify [the] defendant's [] probation up to [the remainder of the probation period] after the [criminal charge for an offense occurring during the probation term] was no longer pending. [The] [d]efendant's charge was resolved by entry of [the] defendant's plea and subsequent judgment . . . ."), *with State v. Patterson*, 190 N.C. App. 193, 660 S.E.2d 155 (2008) (holding the term of the defendant's probation remained tolled when the defendant pled guilty to criminal offenses occurring during his probation term but appealed and the appeal from those judgments was still pending).

However, the record is not clear as to whether the proceedings leading to defendant's incarceration in a New Jersey correctional facility could have resulted in a revocation of defendant's probation in North Carolina. *See State v. Surratt*, 177 N.C. App. 551, 629 S.E.2d 341 (2006) (holding that defendant's probation period ran concurrent with an active sentence on an unrelated matter imposed prior to the commencement of the probation period). *See also* N.C.G.S. § 15A-1346(b) (2011) ("If a period of probation is being imposed at the same time a period of imprisonment is being imposed or if it is being imposed on a person already subject to an undischarged term of imprisonment, the period of probation may run either concurrently or consecutively with the term of imprisonment, as determined by the court. If not specified, it runs concurrently.").

Here, the record discloses little about the legal proceedings that led to defendant's incarceration in New Jersey and fails to give this Court a basis for determining whether defendant's sixty-month probation period imposed on 3 June 2005 was tolled while charges brought against defendant in New Jersey were resolved. *See* N.C.G.S. § 15A-1346(b); *Surratt*, 177 N.C. App. 551, 629 S.E.2d 341. Moreover, despite the State's assertion that defendant's probation commenced on 3 June 2005 and was to end on 2 June 2010, the judgments entered 3 June 2005 suspending defendant's active sentences and imposing a sixty-month probation period indicate that defendant's probation was to commence at the expiration of the sentence in Onslow County case

file number 04 CRS 52908, offense 52. The record contains no indication as to when the sentence imposed in 04 CRS 52908 was served and, correspondingly, when defendant's probation commenced.

We reverse the trial court's orders revoking defendant's probation and activating defendant's suspended sentences and remand this matter for consideration of whether the trial court had jurisdiction to revoke defendant's probation for violations occurring on or after 27 November 2010.

Vacated in part; reversed in part; and remanded.

Judge ELMORE concurs.

Judge ERVIN concurs by separate opinion.

ERVIN, Judge, concurring in separate opinion.

Although I concur in the Court's ultimate decision and in almost all of its reasoning, I write separately for the purpose of discussing an appealability issue raised in the State's brief which the Court has not explicitly addressed and to express my concern about a small portion of the Court's discussion of the tolling issue. Subject to these two caveats, I concur in the Court's opinion.

### Appealability

In its brief, the State argues that we are precluded from examining the lawfulness of the 28 July 2008 Onslow County orders extending Defendant's probation in light of Defendant's failure to note an appeal from those orders given our decision in *State v. Mauck*, 204 N.C. App. 583, 585-86, 694 S.E.2d 481, 483-84 (2010). Although the Court has implicitly rejected the contention that the State has advanced in reliance upon *Mauck*, I believe that we should expressly address this aspect of the State's argument for the purpose of clarifying the manner in which the principle enunciated in *Mauck* should be applied.

In *Mauck*, the defendant pled guilty to two drug-related charges in Haywood County and was placed on probation. 204 N.C. App. at 584, 694 S.E.2d at 482. Subsequently, the terms and conditions of the defendant's probation were modified in Buncombe County in 2007. *Id.* After the defendant's probation was revoked in Buncombe County in 2009 based on violations of the terms and conditions imposed upon

him in the 2007 modification order, the defendant noted an appeal to this Court from the 2009 revocation order and argued that the Buncombe County Superior Court lacked the authority to revoke his probation given the absence of any evidence tending to show that the probationary judgment had been entered in Buncombe County, that he had violated the terms and conditions of his probation in Buncombe County, or that he lived in Buncombe County. *Id.* at 584, 694 S.E.2d at 483. In refusing to grant the defendant's request for relief on the basis of this contention, we noted that the defendant's argument was, in essence, a challenge to the 2007 Buncombe County modification order, from which the defendant had not noted an appeal. *Id.* at 586, 694 S.E.2d 483. Given that the defendant had appealed from the order revoking his probation and not from the modification order, we held that we lacked jurisdiction to hear his appeal in light of his failure to properly " 'designate the judgment or order from which [his] appeal [was] taken[.]' " *Id.* (quoting N.C. R. App. P. 4(b)).

In seeking to persuade us to refrain from disturbing the trial court's revocation orders in this case, the State contends that, as in *Mauck*, Defendant's challenge to the Davidson County revocation order is "really based upon [a challenge to] the [28 July] 2008 Onslow County [m]odification [o]rder[s,]" from which Defendant failed to note an appeal. As a result, the State argues that "the scope of the instant appeal is limited to the Davidson County trial court's decision to revoke Defendant's probation," rendering "Defendant's contention that the [m]odification [o]rder[s] [are] invalid [] outside the scope of the applicable issues in the case[.]" I do not find the State's argument persuasive.

Aside from the fact that, as the Court notes, the record strongly suggests that Defendant was not notified about and had no opportunity to appeal the 28 July 2008 Onslow County orders,[1] Defendant's challenge to those orders differs substantially from the challenge to the 2007 order at issue in *Mauck*. The only basis upon which the defendant appeared to have challenged the 2007 order at issue in *Mauck* was that the record did not reflect that his probation had been properly transferred from Haywood County to Buncombe County. 204 N.C. App. at 584, 694 S.E.2d at 483. As a result of the fact that N.C. Gen. Stat. § 15A-1343(b)(2) contemplates the transfer of probation from one county to another in appropriate instances, such as when

---

1. As an aside, I believe that adopting the State's argument, which would effectively require Defendant to appeal an order of which he appears to have had no notice, would raise serious due process issues.

the probationer wishes to change residences, and the fact that the record in *Mauck* provided no basis for believing that there had been any "impropriety in the transfer of the defendant's case from Haywood County to Buncombe County prior to the entry of the modification order in 2007," *Id.* at 586, 694 S.E.2d at 483, the clear implication of *Mauck* is that a defendant is not entitled to attack a probation revocation order on the basis of a possible procedural defect in an earlier order that the trial judge did, as a general proposition, have the authority to enter and which does not, based on an examination of the face of the record, appear to have been entered in error in the event that the defendant failed to note an appeal from that earlier order.

In this case, on the other hand, as the Court clearly demonstrates, the trial judge had absolutely no authority to enter the 28 July 2008 Onslow County orders. Simply put, the face of the record clearly establishes that the trial court extended Defendant's probationary period from five to eight years without having had any authority to act in that manner. Given that set of circumstances, the trial court's orders were void, as compared to merely voidable. *Hamilton v. Freeman*, 147 N.C. App. 195, 204, 554 S.E.2d 856, 861 (2001) (stating that, " '[w]here a court has authority to hear and determine the questions in dispute and has control over the parties to the controversy, a judgment issued by the court is not void, even if contrary to law' " (quoting *Allred v. Tucci*, 85 N.C. App. 138, 142, 354 S.E.2d 291, 294, *disc. review denied*, 320 N.C. 166, 358 S.E.2d 47 (1987)), *disc. review denied*, 355 N.C. 285, 560 S.E.2d 803 (2002); *State v. Wilson*, 154 N.C. App. 127, 131, 571 S.E.2d 631, 633 (2002) (stating that "[t]he fact that the original sentencing in this case was in error does not render the judgment void" (citing *Hamilton*, 147 N.C. App. at 204, 554 S.E.2d at 861)), *aff'd*, 357 N.C. 498, 586 S.E.2d 89 (2003). I do not believe that *Mauck*, contrary to well-established North Carolina law, holds that a criminal defendant attempting to resist the revocation of his or her probation is precluded from attacking the validity of a void order in a subsequent revocation proceeding despite the defendant's failure to appeal that order at the time that it was entered. *Allred*, 85 N.C. App. at 144, 354 S.E.2d at 295, (stating that "[a] void judgment . . . order binds no one"); *see also Casey v. Barker*, 219 N.C. 465, 467-68, 14 S.E.2d 429, 431 (1941) (stating that "[a] void judgment may be treated as a nullity, disregarded, vacated on motion, [or] attacked directly or collaterally"). Such an interpretation of *Mauck*, which involves an order that was, at most, voidable, would run counter to numerous decisions of this Court and the Supreme Court. As a result,

I cannot agree with the State's contention that Defendant should be prevented from attacking the revocation of his probation in this case because he failed to note an appeal from an order extending the length of his probationary period which the trial judge, based on an examination of the face of the record, had absolutely no authority to enter under any set of circumstances.

## Tolling

Secondly, although the Court has correctly determined that this case should be remanded to the trial court for the purpose of determining the extent, if any, to which the running of Defendant's probationary period should be tolled during the period required to resolve the charges that had been lodged against Defendant in New Jersey, I am concerned that the Court's treatment of our prior decisions in *State v. Henderson*, 179 N.C. App. 191, 195, 632 S.E.2d 818, 821 (2006) and *State v. Patterson*, 190 N.C. App. 193, 197-98, 660 S.E.2d 155, 158 (2008), could be read to suggest that those decisions were not consistent with each other. On the other hand, I believe that both decisions stand for the proposition that the running of Defendant's probationary period would be tolled until any unrelated charges had been fully resolved, with that interval including the time required for any necessary appellate review. As a result, I believe that both of the decisions mentioned by the Court suggest that the trial court's focus on remand in this case should be whether the charges brought against Defendant in New Jersey would, if proven true, have been sufficient to justify the revocation of Defendant's probation and, if so, how much time elapsed between the date upon which Defendant was charged with committing these offenses and the date upon which the proceedings necessary to resolve those charges, including any proceedings on appeal, had been concluded.

## Conclusion

Thus, for the reasons set forth above, I believe that the Court should address the State's appealability argument and am concerned that the Court's treatment of the tolling issue suggests the existence of some inconsistency in the law where I do not believe that any exists. Subject to those exceptions, however, I concur in the result reached by the Court and almost all of its reasoning.