IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-272

 Filed: 20 February 2018

Iredell County, No. 14 CRS 55742

STATE OF NORTH CAROLINA

 v.

JERMEL TORON KRIDER

 Appeal by defendant from judgment entered 3 October 2016 by Judge Mark E.

Klass in Iredell County Superior Court. Heard in the Court of Appeals 6 September

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Allison
 Angell, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily H.
 Davis, for defendant-appellant.

 CALABRIA, Judge.

 Jermel Toron Krider (“defendant”) appeals from the trial court’s judgment

revoking his probation and activating his suspended sentence. After careful review,

we conclude that the State presented insufficient evidence to support a finding of

willful absconding pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a) (2017). As a result,

the trial court lacked jurisdiction to revoke defendant’s probation after his

probationary term expired. Accordingly, we vacate the trial court’s judgment

revoking defendant’s probation.
 STATE V. KRIDER

 Opinion of the Court

 I. Background

 On 2 April 2015, defendant pleaded guilty to possession of cocaine in Iredell

County District Court. The district court, having jurisdiction to accept his guilty plea

to a Class I felony, sentenced defendant to 6-17 months in the custody of the North

Carolina Division of Adult Correction, suspended his sentence, and placed defendant

on 12 months of supervised probation. As a term of his probation, defendant was

ordered to obtain substance abuse treatment, in addition to complying with all of the

regular conditions of probation pursuant to N.C. Gen. Stat. § 15A-1343(b).

 On 14 December 2015, defendant’s probation officer (“Officer Thomas”) visited

his reported address. However, defendant was not present, and an unidentified

woman advised Officer Thomas that “he didn’t live there.” As a result, on 21

December 2015, Officer Thomas filed a report alleging that defendant had willfully

violated his probation by: (1) absconding on 14 December 2015; (2) testing positive for

marijuana on 18 August 2015; (3) failing to report to his probation officer on 4

November 2015; (4)-(5) being in arrears as to his case and supervision fees; and (6)

failing to obtain court-ordered substance abuse treatment. An arrest warrant was

issued based on the absconding allegation. On 4 February 2016, defendant was

arrested for violating his probation. Officer Thomas continued to supervise defendant

until his probation expired on 2 April 2016.

 -2-
 STATE V. KRIDER

 Opinion of the Court

 On 3 October 2016, a probation violation hearing was held in Iredell County

Superior Court. Defendant denied the alleged violations, contending that he

“substantially complied with [the] terms of his probation.” However, Officer Thomas

recommended revocation, “[b]ecause he absconded probation and his whereabouts

were unknown for two months.” Following testimony from both parties, the trial

court found that defendant willfully violated the conditions alleged, revoked his

probation, and activated his suspended sentence. Defendant appeals.

 II. Analysis

 On appeal, defendant contends that the trial court erred by revoking his

probation based on its finding that he willfully absconded from supervision. We

agree.

 A hearing to revoke a defendant’s probationary sentence
 only requires that the evidence be such as to reasonably
 satisfy the judge in the exercise of his sound discretion that
 the defendant has willfully violated a valid condition of
 probation or that the defendant has violated without lawful
 excuse a valid condition upon which the sentence was
 suspended. The judge’s finding of such a violation, if
 supported by competent evidence, will not be overturned
 absent a showing of manifest abuse of discretion.

State v. Young, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and

quotation marks omitted). However, “when a trial court’s determination relies on

statutory interpretation, our review is de novo because those matters of statutory

 -3-
 STATE V. KRIDER

 Opinion of the Court

interpretation necessarily present questions of law.” State v. Johnson, __ N.C. App.

__, __, 783 S.E.2d 21, 24 (2016) (citation and quotation marks omitted).

 Once a defendant’s probationary term expires, the trial court must comply with

N.C. Gen. Stat. § 15A-1344(f) in order to “extend, modify, or revoke” the defendant’s

probation. The statute provides, in pertinent part:

 The court may extend, modify, or revoke probation after
 the expiration of the period of probation if all of the
 following apply:
 (1) Before the expiration of the period of probation
 the State has filed a written violation report
 with the clerk indicating its intent to conduct a
 hearing on one or more violations of one or more
 conditions of probation.
 (2) The court finds that the probationer did violate
 one or more conditions of probation prior to the
 expiration of the period of probation.
 (3) The court finds for good cause shown and stated
 that the probation should be extended, modified,
 or revoked.

N.C. Gen. Stat. § 15A-1344(f)(1)-(3). This statute is jurisdictional. See State v. Moore,

240 N.C. App. 461, 463, 771 S.E.2d 766, 767 (2015) (explaining that “other than as

provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a

defendant’s probation after the expiration of the probationary term”); State v. High,

230 N.C. App. 330, 337, 750 S.E.2d 9, 14 (2013) (holding that the trial court lacked

jurisdiction over the defendant because the State’s violation reports did not bear a

time stamp evincing that they were filed within the probationary period).

 -4-
 STATE V. KRIDER

 Opinion of the Court

 Furthermore, for violations occurring on or after 1 December 2011, the trial

court may only revoke a defendant’s probation where the defendant (1) commits a

new criminal offense in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds “by

willfully avoiding supervision or by willfully making the defendant’s whereabouts

unknown to the supervising probation officer,” in violation of N.C. Gen. Stat. § 15A-

1343(b)(3a); or (3) violates any condition after previously serving two periods of

confinement in response to violations (“CRV”) pursuant to N.C. Gen. Stat. § 15A-

1344(d2). N.C. Gen. Stat. § 15A-1344(a). For all other violations, the trial court may

either modify the conditions of the defendant’s probation or impose a 90-day period

of CRV. Id.

 In the instant case, defendant’s probation expired on 2 April 2016. The

violation hearing was held more than six months later, on 3 October 2016. However,

on 21 December 2015, the State filed a written report alleging six violations of

defendant’s probation. Therefore, the State timely “indicat[ed] its intent to conduct

a hearing on one or more violations” of defendant’s probation, as required by N.C.

Gen. Stat. § 15A-1344(f)(1). The violation report indicated that defendant had not

previously served any periods of CRV as allowed by N.C. Gen. Stat. § 15A-1344(d2),

and the State did not allege that defendant committed a new criminal offense in

violation of N.C. Gen. Stat. § 15A-1343(b)(1). Accordingly, pursuant to N.C. Gen.

 -5-
 STATE V. KRIDER

 Opinion of the Court

Stat. § 15A-1344(a), the trial court was only authorized to revoke defendant’s

probation for a violation of N.C. Gen. Stat. § 15A-1343(b)(3a).

 The State alleged the following with regard to absconding:

 1. Regular Condition of Probation: “Not to abscond, by
 willfully avoiding supervision or by willfully making the
 supervisee’s whereabouts unknown to the supervising
 probation officer” in that,
 THE DEFENDANT ABSCONDED SUPERVISION ON
 12/14/15 BY MAKING HIS WHEREABOUTS
 UNKNOWN TO THIS OFFICER. ON OR ABOUT
 12/14/15, THE OFFICER WAS ADVISED THAT THE
 OFFENDER DID NO LONGER RESIDE AT THE
 RESIDENCE GIVEN. THE DEFENDANT HAS . . .
 AVOIDED SUPERVISION AND MADE HIMSELF
 UNAVAILABLE FOR SUPERVISION; THEREFORE
 ABSCONDING SUPERVISION.

 The State’s allegations and supporting evidence are very similar to that which

we rejected in State v. Williams, 243 N.C. App. 198, 776 S.E.2d 741 (2015). In

Williams, the State filed a report alleging that the defendant had violated seven

conditions of his probation, including:

 1. Regular Condition of Probation: “Not to abscond, by
 willfully avoiding supervision or by willfully making the
 supervisee’s whereabouts unknown to the supervising
 probation officer” in that, THE DEFENDANT IS NOT
 REPORTING AS INSTRUCTED OR PROVIDING THE
 PROBATION OFFICER WITH A VALID ADDRESS AT
 THIS TIME. THE DEFENDANT IS ALSO LEAVING
 THE STATE WITHOUT PERMISSION. DUE TO THE
 DEFENDANT KNOWINGLY AVOIDING THE
 PROBATION OFFICER AND NOT MAKING HIS
 TRUE WHEREABOUTS KNOWN THE DEFENDANT
 HAS ABSCONDED SUPERVISION.

 -6-
 STATE V. KRIDER

 Opinion of the Court

243 N.C. App. at 200-01, 776 S.E.2d at 743. In support of this allegation, the

probation officer testified that when she visited the defendant’s residence, a woman

informed her that the defendant had “never really lived at the address.” Id. at 198,

776 S.E.2d at 742. In addition, the officer testified that the defendant had failed to

attend multiple scheduled appointments; was traveling “back and forth from North

Carolina to New Jersey” without permission; and “wasn’t making himself available

for supervision,” although the officer acknowledged that she had phone contact with

the defendant during his unauthorized trips to New Jersey. Id. at 198-99, 776 S.E.2d

at 742.

 On appeal, we held that the evidence was insufficient to support a finding of

willful absconding under N.C. Gen. Stat. § 15A-1343(b)(3a) and reversed the

revocation of the defendant’s probation. Id. at 205, 776 S.E.2d at 746. While “[t]he

evidence was clearly sufficient to find violations of N.C. Gen. Stat. §§ 15A-1343(b)(2)

and (3), . . . N.C. Gen. Stat. § 15A-1344(a) does not authorize revocation based upon

violations of those conditions,” unless the requirements of N.C. Gen. Stat. § 15A-

1344(d2) have been met. Id.; see also N.C. Gen. Stat. §§ 15A-1343(b)(2)-(3) (requiring,

as regular conditions of probation, that a defendant must “[r]emain within the

jurisdiction of the court unless granted written permission to leave” and “[r]eport as

directed . . . to the officer at reasonable times and places and in a reasonable manner,

permit the officer to visit him at reasonable times, answer all reasonable inquiries by

 -7-
 STATE V. KRIDER

 Opinion of the Court

the officer and obtain prior approval from the officer for, and notify the officer of, any

change in address or employment”).

 Officer Thomas experienced a situation that was similar to the officer in

Williams. Officer Thomas testified that when he visited defendant’s reported address

on 14 December 2015, an “elderly black female” informed him that defendant “didn’t

live there.” Cf. Williams, 243 N.C. App. at 198, 776 S.E.2d at 742. The State failed

to present evidence regarding the identity of the person who greeted Officer Thomas,

or her relationship to defendant. However, Officer Thomas testified that after

speaking with her, he never attempted to contact defendant again, “[b]ecause when

we w[ere] told . . . that he didn’t live at the residence, no reason for us to go back out

there.” Nevertheless, Officer Thomas also testified that when defendant contacted

him following his absconding arrest, he met defendant “at the residence.” Officer

Thomas subsequently had “regular contact” with defendant until his case expired on

2 April 2016. During that time, defendant completed substance abuse treatment,

held seasonal employment, and made payments toward his arrears.

 “Under this Court’s precedents, [defendant’s] actions, while clearly a violation

of N.C. Gen. Stat. § 15A-1343(b)(3), . . . do not rise to ‘absconding supervision’ in

violation of N.C. Gen. Stat. § 15A-1343(b)(3a).” Johnson, __ N.C. App. at __, 783

S.E.2d at 25. We are unable to meaningfully distinguish this case from Williams, and

we are bound by our Court’s decision. In re Appeal from Civil Penalty, 324 N.C. 373,

 -8-
 STATE V. KRIDER

 Opinion of the Court

384, 379 S.E.2d 30, 37 (1989) (“Where a panel of the Court of Appeals has decided the

same issue, albeit in a different case, a subsequent panel of the same court is bound

by that precedent, unless it has been overturned by a higher court.”).

 The dissent contends that the instant case is analogous to State v. Trent, __

N.C. App. __, 803 S.E.2d 224, temp. stay allowed, __ N.C. __, 802 S.E.2d 725 (2017).

As in this case, the Trent defendant was not at home when his supervising officer

made an unscheduled visit on 24 April 2016. __ N.C. App. at __, 803 S.E.2d at 226.

However, the defendant’s “very upset” wife told the officer that the defendant had

taken her car and bank card without permission when he left the residence the

previous day. Id. According to the defendant’s wife, “it was [his] ‘normal pattern . . .

to go out and be gone for days on drugs.’ ” Id. “These allegations prompted [the

officer’s] second unscheduled visit less than two weeks later[,]” on 5 May 2016. Id. at

__, 803 S.E.2d at 231. Since the defendant still had not returned and his wife “did

not know where he was[,]” the officer filed violation reports for absconding. Id.

 At the violation hearing, the defendant testified that contrary to his wife’s

allegations, he was actually in Raleigh on an eight-day painting job during the

officer’s visits to his residence. Id. at __, 803 S.E.2d at 230. Nevertheless, the

defendant admitted that “[e]ven after learning about [the officer’s] unscheduled visits

during his travels, [he] still did not contact her to correct any allegedly inaccurate

information that [his wife] may have communicated.” Id. at __, 803 S.E.2d at 232.

 -9-
 STATE V. KRIDER

 Opinion of the Court

Instead, the defendant “went to stay at his mother’s house ‘for a couple days’ until he

was arrested in Greensboro on 9 May 2016.” Id.

 The instant case is distinguishable from Trent, where the probation officer

gleaned information about the defendant’s whereabouts from his wife. Here, Officer

Thomas testified only that he spoke with an “elderly black female” at defendant’s

reported address. The State failed to establish the woman’s identity, or whether she

even lived at the residence. Furthermore, unlike in Trent, Officer Thomas did not

revisit defendant’s residence or otherwise attempt to verify the unidentified woman’s

allegations. Contra id. at __, 803 S.E.2d at 231.

 The dissent contends that “[a]s in Trent, through the exercise of logic and

reason, the trial court could have considered [d]efendant was not in contact with his

probation officer for two months” in finding that he absconded from supervision.

(Murphy, J., dissenting, at 4). However, unlike Trent, there was no evidence that

defendant was even aware of Officer Thomas’s unannounced visit until after his

arrest. Contra id. at __, 803 S.E.2d at 232. A trial court may only revoke probation

where the defendant “abscond[s] by willfully avoiding supervision or by willfully

making the defendant’s whereabouts unknown to the supervising officer[.]” N.C.

Gen. Stat. § 15A-1343(b)(3a) (emphasis added). Here, there was no evidence of

willfulness.

 - 10 -
 STATE V. KRIDER

 Opinion of the Court

 Moreover, at the violation hearing, defendant testified that he attempted to

contact Officer Thomas “[p]lenty of times”:

 [DEFENDANT:] I called, called in the morning, I’m coming
 – notified to come. I called. He never in his office. Ring,
 ring. He never answer. I leave voice mail, call. He never
 answer or call me back.

 [DEFENSE COUNSEL:] Okay.

 A. I come by a few times and never – he never there. A few
 times I came but never signed my name on the line that
 was on my behalf, but rest of the times I come and call, he
 never there. I ain’t never heard from him.

Although the State argues on appeal that defendant’s testimony was “not credible,”

at the hearing, the State failed to cross-examine defendant or to impeach his

testimony by recalling Officer Thomas to the witness stand. Cf. Trent, __ N.C. App.

at __, 803 S.E.2d at 231 (“Despite defendant’s accusation that [his wife] misinformed

[his probation officer] in his absence, during cross-examination by the State,

defendant admitted that he failed to contact [the officer] even after he returned from

Raleigh[.]”).

 We agree with the dissent that the State is never required to cross-examine a

defendant, and that “the demeanor of the witness on the stand is always in evidence.”

(Dissent at 4). Nevertheless, despite the “informal or summary” nature of probation

hearings, the State bears the burden of presenting sufficient evidence “to reasonably

satisfy the judge in the exercise of his sound discretion that the defendant has

 - 11 -
 STATE V. KRIDER

 Opinion of the Court

willfully violated a valid condition of probation.” State v. Murchison, 367 N.C. 461,

464, 758 S.E.2d 356, 358 (2014). In the instant case, the State failed to carry its

burden. Williams, not Trent, is controlling here. As in Williams, we conclude that

the evidence in this case does not support a violation of N.C. Gen. Stat. § 15A-

1343(b)(3a). 243 N.C. App. at 205, 776 S.E.2d at 746; accord State v. Brown, __ N.C.

App. __, 791 S.E.2d 662 (2016) (unpublished).

 Here, however, the trial court’s decision was not only an abuse of discretion

but also an error that deprived the court of jurisdiction to revoke defendant’s

probation. The violation hearing was conducted after defendant’s case expired, and

“other than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks

jurisdiction to revoke a defendant’s probation after the expiration of the probationary

term.” Moore, 240 N.C. App. at 463, 771 S.E.2d at 767. Before defendant’s probation

expired, the State filed a written report alleging violations of six conditions of

defendant’s probation. N.C. Gen. Stat. § 15A-1344(f)(1). However, of the six

violations alleged, the trial court was only authorized to revoke defendant’s probation

for absconding. N.C. Gen. Stat. § 15A-1344(a). Since the State’s evidence was

insufficient to support that allegation, we conclude that the trial court lacked

jurisdiction to revoke defendant’s probation after his case expired.

 “Where jurisdiction is statutory and the Legislature requires the Court to

exercise its jurisdiction in a certain manner, to follow a certain procedure, or

 - 12 -
 STATE V. KRIDER

 Opinion of the Court

otherwise subjects the Court to certain limitations, an act of the Court beyond these

limits is in excess of its jurisdiction.” State v. Gorman, 221 N.C. App. 330, 333, 727

S.E.2d 731, 733 (2012) (citation and quotation marks omitted). “If the court was

without authority, its judgment . . . is void and of no effect.” Id. Therefore, we vacate

the trial court’s judgment revoking defendant’s probation.

 VACATED.

 Judge ZACHARY concurs.

 Judge MURPHY dissents in a separate opinion.

 - 13 -
No. COA17-272 – State v. Krider

 MURPHY, Judge, dissenting.

 I respectfully dissent from the Majority’s determination that the trial court

lacked jurisdiction to revoke Defendant’s probation and the mandate to vacate the

judgment revoking Defendant’s probation.

 Abuse of Discretion

 As an initial matter, the trial court did not abuse its discretion by revoking

Defendant’s probation.

 A hearing to revoke a defendant’s probationary sentence
 only requires that the evidence be such as to reasonably
 satisfy the judge in the exercise of his sound discretion that
 the defendant has willfully violated a valid condition of
 probation or that the defendant has violated without lawful
 excuse a valid condition upon which the sentence was
 suspended.

State v. Young, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and

quotation marks omitted). “[O]nce the State has presented competent evidence

establishing a defendant’s failure to comply with the terms of probation, the burden

is on the defendant to demonstrate through competent evidence an inability to comply

with the terms.” State v. Trent, ___ N.C. App. ___, ___, 803 S.E.2d 224, 227 (2017)

(citation and quotation marks omitted).

 We review the trial court’s decision to revoke a defendant’s probation for abuse

of discretion. State v. Miller, 205 N.C. App. 291, 293, 695 S.E.2d 149, 150 (2010)

(citation omitted). “Abuse of discretion occurs when a ruling is manifestly

unsupported by reason or is so arbitrary that it could not have been the result of a
 STATE V. KRIDER

 MURPHY, J., dissenting

reasoned decision.” Trent, ___ N.C. App. at ___, 803 S.E.2d at 227 (citation and

quotation marks omitted).

 Here, Defendant argues the State’s evidence was insufficient to support the

conclusion that he violated N.C.G.S. § 15A-1343(b)(3a) (2015). Under this statute, as

a regular condition of probation, a defendant must “[n]ot abscond by willfully avoiding

supervision or by willfully making the defendant’s whereabouts unknown to the

supervising probation officer, if the defendant is placed on supervised probation.”

N.C.G.S. § 15A-1343 (b)(3a). As the Majority explains, citing to State v. Williams,

243 N.C. App. 198, 205, 776 S.E.2d 741, 745 (2015) and State v. Johnson, ___ N.C.

App. ___, ___, 783 S.E.2d 21, 26 (2016), our case law has made it clear that violations

of §§ 15A-1343(b)(2) and (3) are insufficient to establish the revocable violation of

absconding under § 15A-1343(b)(3a). N.C.G.S. § 15A-1343(b)(3) requires, as a regular

condition of probation, that a defendant:

 [r]eport as directed by the court or his probation officer to
 the officer at reasonable times and places and in a
 reasonable manner, permit the officer to visit him at
 reasonable times, answer all reasonable inquiries by the
 officer and obtain prior approval from the officer for, and
 notify the officer of, any change in address or employment.

 In Williams, we held the evidence presented at the probation hearing was

insufficient to support a finding of willful absconding where, without more, the

evidence showed a defendant failed to show up to meetings and had been outside the

state without permission, although he had been communicating with the probation

 2
 STATE V. KRIDER

 MURPHY, J., dissenting

officer via phone. Williams, 243 N.C. App. at 198-99, 776 S.E.2d at 742. In Johnson,

emphasizing the defendant’s whereabouts were never “unknown” because defendant

was on electronic monitoring, we held that a defendant who informed his probation

officer he would not attend an office visit, and then subsequently failed to report to

that meeting does not, without more, violate (b)(3a) when those same actions violate

(b)(3). Johnson, ___ N.C. App. at ___, 783 S.E.2d at 26-27.

 Here, in concluding it is bound by Williams and Johnson to determine that the

evidence in the instant case only evidences a violation of (b)(3), and does not

constitute a violation of (b)(3a), the Majority overlooks key facts that distinguish this

case. Unlike Williams and Johnson, the evidence showed that Defendant’s

“whereabouts were unknown for two months[,]” and during that time Defendant did

not communicate with the probation officer. Therefore, this case is more like State v.

Trent, ___ N.C. App. ___, 803 S.E.2d 224 (2017), where we distinguished Williams

and Johnson, determining a trial court did not abuse its discretion by finding a

defendant violated (b)(3a) because the probation officer “did not have the benefit of

tracking defendant’s movements” as in Johnson and had “absolutely no means of

contacting defendant” unlike in Williams. Trent, ___ N.C. App. at ___, 803 S.E.2d at

231 (internal citations omitted); see also State v. Hurley, ___ N.C. App. ___, 805 S.E.2d

563, slip op. at 6-7 (October 17, 2017) (unpublished) (explaining how Trent

distinguished Williams and Johnson). While Defendant provided self-serving

 3
 STATE V. KRIDER

 MURPHY, J., dissenting

testimony at the revocation hearing, the trial court was in the proper position to

weigh and reject any or all of Defendant’s self-serving testimony. The Majority takes

into account the State’s failure to cross-examine or attempt impeachment of

Defendant, however, the demeanor of the witness on the stand is always in evidence.

State v. Mullis, 233 N.C. 542, 544, 64 S.E.2d 656, 657 (1951). There is no requirement

that the State attempt to cross-examine or impeach the Defendant and disregard of

the Defendant’s testimony does not demonstrate an abuse of discretion. Therefore,

the record does not support a conclusion that the trial court abused its discretion in

ruling that Defendant had absconded on probation. As in Trent, through the exercise

of logic and reason, the trial court could have considered Defendant was not in contact

with his probation officer for two months, his whereabouts were unknown, and he

was not subject to the supervision of the State. Our decision is not controlled by

Williams and Johnson and it was within the trial court’s discretion to find that

Defendant violated N.C.G.S. § 15A-1343(b)(3a).

 Jurisdiction

 While the Majority’s holding rests on Williams and Johnson, it also raises an

additional jurisdictional issue, stating that the trial court lacked jurisdiction to

revoke Defendant’s probation because the violation hearing was conducted after the

Defendant’s case expired. We review de novo whether a trial court had subject matter

 4
 STATE V. KRIDER

 MURPHY, J., dissenting

jurisdiction to revoke a defendant’s probation. State v. Satanek, 190 N.C. App. 653,

656, 660 S.E.2d 623, 625 (2008) (citation omitted).

 Pursuant to N.C.G.S. § 15A-1344(f) (2015), a trial court
 may extend, modify, or revoke a defendant’s probation
 after the expiration of the probationary term only if several
 conditions are met, including findings by the trial court
 that prior to the expiration of the probation period a
 probation violation had occurred and a written probation
 violation report had been filed. Also the trial court must
 find good cause for the extension, modification, or
 revocation.

State v. Moore, 240 N.C. App. 461, 463, 771 S.E.2d 766, 767 (2015)(alterations

omitted) (citing N.C.G.S. § 15A-1344(f)). As the Majority notes, Defendant’s hearing

took place after the expiration of his probationary term. However, the written

violation reports were filed prior to the expiration of the probation period, and the

trial court found that a probation violation occurred prior to the expiration of the

probationary period. Moreover, the trial court found good cause for the revocation.

Thus, the fact that the hearing took place after the expiration of the probationary

period did not deprive the trial court of jurisdiction.

 Mandate

 Finally, assuming arguendo that the State failed to present sufficient evidence

of Defendant’s absconding probation, the proper mandate is not to Vacate the

judgment of the trial court, but to Reverse and Remand as we did in Williams.

Williams, 243 N.C. App. at 206, 776 S.E.2d at 746. Here, the trial court found

 5
 STATE V. KRIDER

 MURPHY, J., dissenting

Defendant violated the terms and conditions of his probation as alleged in

“[p]aragraph(s) 1-6 of the Violation Report . . . dated [21 December 2015]”. At a

minimum, it is proper to allow the trial judge the opportunity to enter an appropriate

judgment based on the remaining violations.

 Conclusion

 Under these facts, we are not bound by Williams and Johnson, and the timing

of the hearing does not present a jurisdictional bar. The trial court did not abuse its

discretion in finding that Defendant violated N.C.G.S. § 15A-1343(b)(3a) or in

revoking his probation. I respectfully dissent.

 6